IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02636-PAB-STV

ROBIN ECKERMAN,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE, INC., and
AMERICA'S SERVICING COMPANY,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 25(a)(1) [Docket No. 40] filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

Plaintiff filed this lawsuit in the District Court for Adams County, Colorado on September 20, 2017 asserting various state and federal claims arising out of defendants' alleged wrongful foreclosure on her home. Docket No. 1-4.[1] Wells Fargo removed the case to federal court on November 3, 2017. Docket No. 1. On January 5, 2018, Wells Fargo filed a suggestion of death notifying the Court of the record of plaintiff's death on December 18, 2017. Docket No. 34. Wells Fargo avers that it

---

[1] Plaintiff named Wells Fargo Home Mortgage, Inc. and America's Servicing Company as defendants in this case; however, defendant Wells Fargo Bank, N.A. has indicated that those entities are d/b/as of Wells Fargo Bank, N.A. *See, e.g.*, Docket No. 40 at 1. All three named defendants are being represented by the same attorney.

served plaintiff's adult daughter, Jenna Eckerman, with the suggestion of death on January 10, 2018 by leaving a copy of the filing with her manager and supervisor, Dennis Anderson, at her place of employment. Docket No. 39; Docket No. 40 at 2, ¶ 5. After no person purporting to be a successor or personal representative of plaintiff filed a motion for substitution within the 90-day period prescribed by Fed. R. Civ. P. 25(a)(1), Wells Fargo filed the instant motion to dismiss the lawsuit. Docket No. 40.

Under Fed. R. Civ. P. 25(a)(1), if a motion for substitution is not made by a decedent's successor or representative "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." The 90-day period under Rule 25(a)(1) begins to run when the statement noting death is "served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3); *see also Hamilton v. Kemper*, No. 17-cv-00882-MSK-STV, 2018 WL 1616808, at *2 (D. Colo. Apr. 4, 2018). Although Rule 25 does not identify the nonparties who must be served, courts in the Tenth Circuit have interpreted the rule "to require the party suggesting death to serve that suggestion on the decedent's successors or representatives." *Hamilton*, 2018 WL 1616808, at *2 (collecting cases); *see also Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) ("While service of a suggestion of death on counsel will satisfy the requirement of Rule 25(a)(1) for service of parties to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically *the successors or representatives of the deceased party's estate*, must be service pursuant to Fed. R. Civ. P. 4." (emphasis added)). Such an interpretation is consistent with the majority rule that "the suggestion of death must be served on the decedent's estate or personal representative, even if that representative has not yet

been identified or appointed." *Hamilton*, 2018 WL 1616808, at *2; *see also Sampson v. ASC Indus.*, 780 F.3d 679, 682 (5th Cir. 2015) (joining "the Fourth, Seventh, Ninth, and Tenth Circuits in holding that when a plaintiff dies, in order for the ninety-day deadline to run under Rule 25, the suggestion of death must have been personally served on the deceased-plaintiff's estate").

On January 19, 2018, Wells Fargo filed an affidavit of service indicating that the suggestion of death was served on plaintiff's adult daughter, Jenna Eckerman, on January 10, 2018. Docket No. 39. Wells Fargo contends that serving Ms. Eckerman triggered the 90-day period under Rule 25(a)(1). Docket No. 40 at 2, ¶¶ 5-6. However, apart from Wells Fargo's averment that Jenna Eckerman is plaintiff's adult daughter, *see, e.g.*, Docket No. 40 at 2, ¶ 5, Wells Fargo has not presented evidence establishing Jenna Eckerman's relationship with plaintiff, explained its efforts to identify the personal representative of plaintiff's estate, or provided any basis for a conclusion that Jenna Eckerman is a "successor or representative" of plaintiff's estate. Additionally, although the affidavit of service filed on January 19, 2018 indicates that Wells Fargo served Ms. Eckerman by leaving a copy of the suggestion of death with her supervisor at The Raleigh House, Docket No. 39, Wells Fargo has not established that The Raleigh House is Jenna Eckerman's "usual workplace." Colo. R. Civ. P. 4(e)(1) (permitting personal service "by leaving a copy thereof at . . . the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent"); *see also* Fed. R. Civ. P. 4(e)(1) (providing that an individual may be served "in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made"). Given these deficiencies, Wells Fargo has not shown that dismissal is warranted under Fed. R. Civ. P. 25(a)(1). *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) ("In some instances, it may prove more difficult to determine whom to serve, but it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action." (internal citations omitted)). Wherefore, it is

**ORDERED** that, on or before **June 26, 2018**, Wells Fargo shall file a supplemental brief, not to exceed five pages, explaining its efforts to identify the personal representative of plaintiff's estate and why the January 10, 2018 service of the suggestion of death on Jenna Eckerman was sufficient to trigger the 90-day period under Fed. R. Civ. P. 25(a)(1).

DATED June 14, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge