IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02636-PAB-STV

ROBIN ECKERMAN,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE, INC., and
AMERICA'S SERVICING COMPANY,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 25(a)(1) [Docket No. 40] filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1] The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

Plaintiff, proceeding *pro se*, filed this lawsuit in the District Court for Adams County, Colorado on September 20, 2017. Docket No. 5 at 2. Plaintiff's complaint asserts various state and federal claims in connection with defendants' alleged wrongful foreclosure on her home. *Id.*; *see also* Docket No. 20 at 5 (construing complaint to assert various claims for relief under state and federal law). On November 22, 2017, Wells Fargo filed a motion to dismiss the complaint for failure to state a claim under

---

[1]Plaintiff named Wells Fargo Home Mortgage, Inc. and America's Servicing Company as defendants in this case; however, defendant Wells Fargo Bank, N.A. has indicated that those entities are d/b/as of Wells Fargo Bank, N.A. *See, e.g.*, Docket No. 40 at 1. All three named defendants are represented by the same attorney.

Federal Rule of Civil Procedure 12(b)(6).  Docket No. 20.  On January 5, 2018, defendants filed a Suggestion of Death [Docket No. 34], notifying the Court of the record of death of plaintiff on December 18, 2017.  Docket No. 34.  Wells Fargo served plaintiff's adult daughter, Jenna Eckerman, on January 10, 2018 by leaving a copy of the Suggestion of Death with her manager and supervisor, Dennis Anderson.  Docket No. 39; Docket No. 40 at 2, ¶ 5.  Wells Fargo filed an affidavit of service on January 19, 2018.  Docket No. 39.  On April 19, 2018, Wells Fargo moved to dismiss the case under Federal Rule of Civil Procedure 25(a)(1).  Docket No. 40.  On June 14, 2018, the Court ordered Wells Fargo to file a supplemental brief "explaining its efforts to identify the personal representative of plaintiff's estate and why the January 10, 2018 service of the suggestion of death on Jenna Eckerman was sufficient to trigger the 90-day period under Fed. R. Civ. P. 25(a)(1)."  Docket No. 45 at 4.  Wells Fargo filed its supplemental brief on June 26, 2018.  Docket No. 46.

Under Fed. R. Civ. P. 25(a)(1), if a motion for substitution is not made by a decedent's successor or representative "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  The 90-day period under Rule 25(a)(1) begins to run when the statement noting death is "served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."  Fed. R. Civ. P. 25(a)(3); *see also Hamilton v. Kemper*, No. 17-cv-00882-MSK-STV, 2018 WL 1616808, at *2 (D. Colo. Apr. 4, 2018).  Rule 25 does not identify the nonparties who must be served; however, courts in the Tenth Circuit have interpreted the rule "to require the party suggesting death to serve that suggestion on the decedent's successors or representatives."  *Hamilton*, 2018 WL 1616808, at *2

2

(collecting cases); *see also Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) ("While service of a suggestion of death on counsel will satisfy the requirement of Rule 25(a)(1) for service of parties to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically *the successors or representatives of the deceased party's estate*, must be service pursuant to Fed. R. Civ. P. 4." (emphasis added)). While Rule 25 provides the proper procedure for substitution of parties, "state law governs *who* can be a 'representative' or 'successor.'" *In re Baycol Prods. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010); *see also Rodriguez v. Hefflefinger*, 2017 WL 784859, at *3 (E.D. Cal. Feb. 28, 2017) (finding that service of notice of death on plaintiff's wife was sufficient under Rule 25(a)(1) because plaintiff's wife was the successor in interest to plaintiff's claims under California law). Colorado law defines "successors" as "persons other than creditors, who are entitled to property of a decedent under his or her will or [the probate code]." Colo. Rev. Stat. § 15-10-201(51). Under Colo. Rev. Stat. § 15-11-103, the property of someone who dies intestate without a surviving spouse or designated beneficiary will pass first "[t]o the decedent's descendants per capita at each generation."

On January 19, 2018, Wells Fargo filed an affidavit of service indicating that the suggestion of death was served on plaintiff's adult daughter, Jenna Eckerman, on January 10, 2018. Docket No. 39. In its supplemental brief, Wells Fargo states that it spoke with Jenna Eckerman on June 15, 2018, who "confirmed that: (i) she is Plaintiff's sole heir; (ii) she believed her mother may have had a will, but none had been located; (iii) no probate proceeding for her mother's estate had been commenced; (iv) no

3

personal representative had been appointed; and (v) she had received a copy of the Suggestion of Death Wells Fargo filed." Docket No 46 at 3, ¶ 9. Wells Fargo further avers that plaintiff was predeceased by her husband and unmarried at the time of her death. *Id.* at 4.

Based on the foregoing, the Court finds that Jenna Eckerman is plaintiff's "successor" for purposes of Rule 25(a). *See Tucker v. Social Sec. Admin*, 2006 WL 2540391, at *1 (D. Kan. Mar. 16, 2006) (finding that service was completed, as required under Rule 25, where no probate estate had been opened on behalf of deceased plaintiff and defendants served plaintiff's daughter and heir with the suggestion of death). The Court further finds that Ms. Eckerman was properly served with the suggestion of death on January 10, 2018. *See* Docket No. 39. Rule 25(a)(3) provides that a statement noting death must be served "on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). Because Ms. Eckerman is a nonparty, she was required to be served in the manner set forth in Rule 4. Under Rule 4(e)(1), an individual may be served according to the law of the state in which the district court is located – in this case, Colorado. Colo. R. Civ. P. 4(e)(1) permits personal service upon an individual "by leaving a copy thereof . . . at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent." A signed affidavit of service constitutes prima facie evidence of valid service under these rules. *See Li Cheng v. Sushi Aji, Inc.*, No. 17-cv-01732-MEH, 2017 WL 4772817, at *2 (D. Colo. Oct. 23, 2017).

On January 19, 2018, Wells Fargo filed a signed affidavit stating that the

suggestion of death was personally served on Dennis Anderson, Ms. Eckerman's "manager/supervisor" at The Raleigh House.  Docket No. 39.  In its supplemental brief, Wells Fargo states that The Raleigh House was listed as Ms. Eckerman's place of employment on her Facebook page and that Dennis Anderson "did not disclaim [Ms. Eckerman's] employment" when he accepted service of the suggestion of death. Docket No. 46 at 5.  Moreover, Ms. Eckerman acknowledged that she received a copy of the suggestion of death filed by Wells Fargo.  *Id.* at 3, ¶ 9.

Given these facts and the signed affidavit of service, the Court concludes that Ms. Eckerman was properly served on January 10, 2018, thereby triggering the 90-day period under Rule 25(a)(1).  Although that period expired on April 10, 2018, neither Ms. Eckerman nor anyone purporting to be a successor or representative of plaintiff's estate has filed a motion for substitution.  Wells Fargo is therefore entitled to dismissal under Rule 25(a)(1).

Wherefore, it is

**ORDERED** that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 25(a)(1) [Docket No. 40] is **GRANTED**.  It is further

**ORDERED** that Wells Fargo Bank, N.A.'s Motion to Dismiss [Docket No. 20] is **DENIED** as moot.  It is further

**ORDERED** that this case is closed.

DATED June 29, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge